UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
OCT - 3 2006
JAMES BONINI, Clerk
COLUMBUS, OHIO

**TIM M. WATTERSON**

    **Plaintiff,**

v.

**RICHARD S. MILLIGAN, et al.,**

    **Defendants.**

Case No. 2:06-cv-809
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter came before the Court upon the filing of an October 2, 2006 Motion For A Temporary Restraining Order Staying Pending Matter. (Doc. # 3.) The Court finds Defendant's motion not well taken. For the reasons that follow, this Court lacks subject matter jurisdiction to issue temporary injunctive relief in the present proceeding and therefore the Court need not consider whether this motion would succeed on the merits. Consequently, the Court also lacks subject matter jurisdiction over Defendant's Complaint and dismisses it as well. (Doc. # 1.)

### I. Background

On September 22, 2004, Plaintiff was suspended from the practice of law, for a period of six months, by the Ohio Supreme Court. (Doc. # 3 ¶ 2.) This suspension was to be effective through March 22, 2005, however, Plaintiff remains suspended because of his failure and apparent unwillingness to reapply for his license to practice law. *Id.* ¶ 2, 3. While under this suspension, two grievances were filed against him with the Stark County Grievance Committee. *Id.* ¶¶ 7, 8-14. Plaintiff defiantly refused to cooperate or respond to them. *Id.* ¶ 14. Subsequently, the Committee then referred Plaintiff to the Office of Disciplinary Counsel. *Id.* ¶

14. As a result of Plaintiff's unwillingness to cooperate or respond with the Office of Disciplinary Counsel, the matter is now before the Ohio Supreme Court for final disposition and consideration of Plaintiff's objections. (Doc. # 3 at 2.) Plaintiff seeks a temporary restraining order enjoining Defendants from conducting a hearing scheduled before the Ohio Supreme Court on October 3, 2006. *Id.*

## II. Analysis

### A.  Plaintiff's Request for Temporary Injunctive Relief and Stay

The United States Supreme Court has held that federal court abstention is appropriate where, absent bad faith, harassment, or a patently invalid state statute, a plaintiff invokes federal jurisdiction for the purpose of restraining state criminal proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). In other words, *Younger* "advised federal courts to abstain from deciding a matter that would be properly before them but for the pendency of state criminal proceedings in the matter." *Tesmer v. Granholm*, 333 F.3d 683, 688 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43-45), *rev'd on other grounds, Kowalski v. Tesmer*, 543 U.S. 125 (2004). The *Younger* doctrine, "which applies to an action seeking injunctive relief, applies as well to prohibit an action seeking declaratory relief when a state criminal prosecution is pending." *Id.* (citing *Samuels v. Mackell*, 401 U.S. 66, 73 (1971)).

The Sixth Circuit Court of Appeals has explained that there are "[t]hree requirements ... for proper invocation of the *Younger* doctrine: (1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *Sun Refining & Marketing Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). The Court finds that each

requirement for invocation of the doctrine exists here.

It is clear that the Plaintiff's state disciplinary proceedings fall within the scope of *Younger*. *See Brown v. Disciplinary Counsel*, 230 F.3d 1357, 2000 WL 1434450, at *1 (6th Cir. 2000) (unpublished table decision); *Harper v. Disciplinary Counsel*, 113 F.3d 1234, 1997 WL 225899, at *2 (6th Cir. 1997) (unpublished table decision); *Blanton v. United States*, 94 F.3d 227, 234 (6th Cir. 1996) (citing *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996); *Cohn v. Bracy*, 28 F.3d 1213, 1994 WL 328302, at *3-4 (6th Cir. 1994) (unpublished table decision); *Berger v. Cuyahoga Co. Bar Ass'n*, 983 F.2d 718, 722-24 (6th Cir. 1993). Specifically, the disciplinary proceeding against Plaintiff is ongoing and is judicial in nature as the Ohio Constitution gives the Ohio Supreme Court the power to discipline the bar and as the Ohio Supreme Court decides what discipline is imposed. *Brown*, 230 F.3d 1357, 2000 WL 1434450, at *1; *Berger*, 983 F.2d at 723.

It is also beyond doubt that the state has an important interest in the enforcement of the Ohio disciplinary process and in maintaining the integrity of the state bar and state judiciary. *Id.*

There is also no factual basis for concluding that Plaintiff does not have an adequate opportunity to raise constitutional challenges as part of the ongoing state proceedings. This is therefore not an instance in which "'state law clearly bars the interposition of constitutional claims.'" *Middlesex County Ethics Comm'n*, 457 U.S. at 432 (quoting *Moore v. Sims*, 442 U.S. 415, 426 (1979)).

The burden is on Plaintiff to demonstrate that " 'state procedural law barred presentation of [her] claims.' " *Tesmer*, 333 F.3d at 689 (quoting *Armco, Inc. v. United Steelworkers of Am.*, 280 F.3d 669, 692 (6th Cir. 2002)). Here, Plaintiff has failed to meet his burden. Although, the evidence at the *ex parte* hearing suggests that Plaintiff has placed the Ohio Supreme Court on

notice of his federal claims, Plaintiff has not attempted to present his claims thus far. Moreover, Plaintiff fails to indicate that despite his personal reservations, he would be unable to raise a challenge to the constitutionality of the disciplinary proceedings and procedures in the state forum. This point is significant, because "[w]hen a litigant has not attempted to present [her] federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Wong-Opasi v. Haynes*, 8 Fed. Appx. 340, 343 (6th Cir. 2001) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)).

Consequently, Plaintiff fails to provide a basis for precluding application of the *Younger* doctrine in this case. The Court also concludes that Plaintiff has failed to demonstrate that the exercise of jurisdiction is appropriate by pointing to any requisite "extraordinary circumstance" that would make abstention inappropriate. *See Middlesex County Ethics Comm'n*, 457 U.S. at 435 (identifying extraordinary circumstances as bad faith, harassment, or a patently invalid state statute).

Because *Younger* applies, this Court cannot afford Plaintiff the temporary injunctive relief he seeks. *See Sun Refining & Marketing Co.*, 921 F.2d at 639 ("when a case is properly within the *Younger* category of cases, there is no discretion on the part of the federal court to grant injunctive relief") (citing *Colorado River Water Conservation District v. United State*, 424 U.S. 800, 816 n. 22 (1976)). *Cf. Wong-Opasi*, 8 Fed. Appx. 340 (holding *Younger* abstention appropriate to § 1983 action in which plaintiff sought a temporary restraining order).

**B.    Dismissal of Plaintiff's Complaint**

Moreover, under the *Rooker-Feldman* doctrine this Court is also precluded from the exercise of jurisdiction over the Plaintiff's Complaint and therefore the Court must dismiss it as

well. *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action"). *See also Thomas v. Better Bus. Bureau of the Mid-South*, 79 Fed. Appx. 748, 748 (6th Cir. 2003) (construing Fed. R. Civ. P. 12(h)(3)); *Doscher v. Menifee Cir. Ct.*, 75 Fed. Appx. 996, 997 (6th Cir. 2003) ("Where a complaint is totally devoid of merit and the district court has determined that it lacks subject matter jurisdiction over the action, the court may dismiss a fee-paid complaint without giving the plaintiff an opportunity to amend the complaint").

The Sixth Circuit Court of Appeals has explained that "[u]nder the *Rooker-Feldman* doctrine, a federal district court lacks subject matter jurisdiction to review final adjudications of a state's highest court or to evaluate constitutional claims that are 'inextricably intertwined' with a state court's decision rendered in a judicial proceeding." *Olivares v. Performance Contracting Group*, 76 Fed. Appx. 603. 604-05 (6th Cir. 2003) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)). Further, the Sixth Circuit has stated that "a party cannot escape *Rooker-Feldman* by raising a new constitutional theory in federal court unless the party lacks a realistic opportunity to fully and fairly litigate the constitutional claim in the state court proceeding." *Untied*, 23 Fed. Appx. at 235 (summarizing *Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir. 1992)).

Further, the Sixth Circuit has stated that "a party cannot escape *Rooker-Feldman* by raising a new constitutional theory in federal court unless the party lacks a realistic opportunity to fully and fairly litigate the constitutional claim in the state court proceeding." *Untied v. CIT Group Consumer Fin., Inc.*, 23 Fed. Appx. 233, 234 (6th Cir. 2001)(summarizing *Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir. 1992)). The Plaintiff's sought relief offends this doctrine on both grounds. First, the Plaintiff even emphasizes that his present constitutional claims are

"inextricably connected" to the prior Ohio Supreme Court decision against him. (Doc. # 3 at 2.) Second, he has failed to show that he lacks a "realistic opportunity to fully and fairly litigate the constitutional claim in the state court proceeding." *Untied*, 23 Fed. Appx. at 235. Most importantly, by asking for a complete reversal of the Ohio Supreme Court's previously ordered sanction, the motion implicitly seeks "appellate" review of the state court judgment. It is an attempted impermissible collateral attack on a state court judgment that lies outside the purview of a federal district court.

### III. Conclusion

Pursuant to the foregoing discussion, the Court **DENIES** and **DISMISSES** Plaintiff's Motion For a Temporary Restraining Order Staying Pending Matter (Doc. # 3). This Court also **DISMISSES** Plaintiff's Complaint (Doc. # 1).

**IT IS SO ORDERED.**

                                                   /s/ Gregory L. Frost
                                                   GREGORY L. FROST
                                                   UNITED STATES DISTRICT JUDGE